UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYNTEC INC., and TYNTEC GROUP LTD.,

    Plaintiffs,

v.                                                                                  CASE NO.  8:17-cv-791-T-26-MAP

SYNIVERSE TECHNOLOGIES, LLC,

    Defendant.
_____/

**O R D E R**

**PENDING BEFORE THE COURT** for resolution is Plaintiffs' second Motion for Temporary Restraining Order (Dkt. 77) and Defendant's Memorandum of Law in Opposition (Dkt. 84).  After careful consideration of the parties' submissions, together with the procedural history of this case, the Court concludes that the motion is due to be **denied.**

After a two-day evidentiary hearing, preceded by extensive briefing from the parties' attorneys and followed by extensive oral argument from the parties' attorneys, the Court denied Plaintiffs' initial motion for restraining order in a perfunctory order in which the Court incorporated its oral findings made on the record at the conclusion of the hearing.[1]  The Court, in that regard, made the critical "find[ing] that the plaintiff (sic) has not met their burden of persuasion by clearly establishing that there is a substantial likelihood they will prevail on the

---

[1] See docket 62.

merits."[2]  The Court later reiterated this finding by stating it was denying the motion for temporary restraining order "because I'm convinced that the plaintiff (sic) has not met its (sic) burden of clearly establishing that it will ultimately prevail on the merits or substantial likelihood of prevailing on the merits[.]"[3]  The Court also made the finding that "it's not a close case (in terms of Plaintiffs prevailing on the merits) in my mind, at least at this juncture[.]"[4]  In light of those findings, the Court was constrained to deny temporary injunctive relief to Plaintiffs based on controlling Eleventh Circuit precedent which clearly provides "that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." Schiavo ex rel. Schindler v. Schiavo, 403 F. 3d 1223, 1226 (11th Cir. 2005) (citations omitted).

After closely scrutinizing Plaintiffs' latest submissions in support of temporary injunctive relief, the Court is in complete agreement with Defendant's basic contention that nothing legally or factually has occurred since the entry of the order denying Plaintiffs' initial motion for temporary restraining order that would undermine this Court's prior determination that Plaintiffs have failed to established a substantial likelihood that they will prevail on the merits.  Based on the record before this Court, in the Court's mind, this continues to be "not a close case" as to

---

[2] See docket 83, page 400.

[3] See id., page 405.

[4] See id., page 402.

whether Plaintiffs will prevail on the merits.[5]  Accordingly, Plaintiffs' Motion for Temporary Restraining Order (Dkt. 77) is **denied.**

        **DONE AND ORDERED** at Tampa, Florida, on July 27, 2017.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[5] The Court's subsequent denial of Defendant's motion to dismiss Plaintiffs' amended complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not undermine this determination.  The Court only determined in that order that Plaintiffs well-pleaded allegations, which the Court was *required* to accept as true, *alleged* plausible claims for relief above the speculative level and not whether Plaintiffs claims would ultimately be deemed meritorious.