UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYNTEC INC., and TYNTEC GROUP, LTD.
f/k/a Phoenix Spring, Ltd.,

    Plaintiffs,

v.                                                          CASE NO. 8:17-cv-591-T-26MAP

SYNIVERSE TECHNOLOGIES, LLC,

    Defendant.
_____/

**O R D E R**

The parties have filed cross-motions for summary judgment. In doing so, they have inundated this Court with approximately 13,000 pages of text and exhibits in support of their respective positions that they are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure with regard to certain critical issues.[1]

Although the Court has not had an opportunity to meticulously wade through this massive amount of paper submissions to verify the accuracy and correctness of the parties' representations as to what they perceive to be the undisputed material facts of the case warranting summary judgment in their favor, it is abundantly clear from a careful

---

    [1] The parties have also burdened this Court with approximately 5,800 pages of text and exhibits in connection with their respective motions to exclude expert testimony and Defendant's motion to strike two declarations of Plaintiffs' expert witness. Those motions will be the subject of a separate order.

review of the parties' motions and responses (as well as the testimony and evidence elicited at the two-day hearing on Plaintiffs' motion for a temporary restraining order) that there are indeed genuine disputes as to the material facts with regard to several critical issues such as, for example, (1) whether the parties had an established, voluntary, and profitable relationship, (2) whether Defendant illegally refused to deal with Plaintiffs when Defendant terminated the Iris Peering Agreements, (3) whether Defendant had legitimate business and financial reasons not to enter into a business relationship with Plaintiffs when Defendant terminated the Iris Peering Agreements, and (4) whether Plaintiffs were a United States ICV and a peer at the time Defendant terminated the Iris Peering Agreements.  Furthermore, to delve into this massive amount of written submissions, some of which consist of complex and technical jargon, in an effort to glean the true undisputed material facts, as opposed to what the parties represent those facts to be, would require an inordinate expenditure of time and effort by this Court and its staff of one law clerk, more so than if the Court simply put this case to a jury to resolve.

The Court concludes, therefore, in light of the complex and fact-intensive nature of this case, and consistent with established Supreme Court and Eleventh Circuit precedent, that the better course of action is to proceed to a full trial on the merits.  See United States v. Real and Personal Prop. Belonging to Hayes, 943 F.2d 1292, 1297 (11th Cir. 1991) (stating that "[a] trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing"

(citation omitted) and further recognizing that "trial courts 'may deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2502, 2513, 91 L.Ed.2d 202 (1986)); see also Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1285 (11th Cir. 2001). Having arrived at this conclusion, however, the parties should be well aware under settled Eleventh Circuit precedent that the fact that this Court denied the parties' competing summary judgment motions does not preclude it from granting judgment as a matter of law to either party at the appropriate stage of the trial proceedings pursuant to Rule 50 of the Federal Rules of Civil Procedure. See Able v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000) (observing that "[b]inding precedent in this Circuit, however, expressly permits consideration of a Rule 50 motion after the denial of summary judgment.") (footnote omitted) (and cases cited); see also Gleason v. Title Guarantee Co., 317 F.2d 56, 58 (5th Cir. 1963) (stating that "[s]ound practical reasons . . . may justify a trial judge's denying a motion for summary judgment even on the identical evidence supporting his granting of a directed verdict.");[2] Kalamas v. Ross, 2017 WL 6344450, at *4 (M.D. Fla. Dec. 12, 2017).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion for Summary Judgment (Dkt. 116) is denied.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

2) Defendant's Motion for Summary Judgment (Dkt. 119) is denied.

**DONE AND ORDERED** at Tampa, Florida, on July 13, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record