UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYNTEC INC., and TYNTEC GROUP LTD.
f/k/a Phoenix Spring, Ltd.,

    Plaintiffs,

v.                                      CASE NO. 8:17-cv-591-T-26MAP

SYNIVERSE TECHNOLOGIES, LLC,

    Defendant.
_____/

**O R D E R**

    Pending before the Court for resolution are the parties' motions seeking to exclude expert testimony and their respective responses to those motions. After careful consideration of the parties' motions and responses, the Court is of the opinion that both motions should be denied without prejudice because the Court is not inclined to make a pretrial determination of the admissibility of this testimony based solely on written submissions. The Court prefers, instead, to convene a *Daubert*[1] hearing well in advance of the scheduled December 2018 trial date at a time convenient to the parties, their

---

    [1] See Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

attorneys, and the expert witnesses in the event the parties are unable to settle this case.[2] At the hearing, the Court will receive the testimony of the two expert witnesses, listen to the argument of counsel, and, based on the testimony and arguments, make an informed decision as to whether the experts' testimony satisfies the *Daubert* standard for admissibility. The Court will also treat the motions and responses as memoranda of law in support of the parties' respective positions with regard to the admissibility of the experts' testimony.

Finally, the Court will also consider at the hearing testimony and argument with respect to whether the testimony and opinions expressed by Plaintiffs' expert witness, Dr. Normann, in his declarations attached as Exhibits 1 and 2 to Defendant's Motion to Strike filed at docket 128 should be excluded. The Court will therefore deny that motion without prejudice and treat the Defendant's motion and the Plaintiffs' response to the motion as memoranda of law in support of their respective positions.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion to Exclude the Testimony of Dr. Mohan Rao (Dkt. 118) is denied without prejudice.

---

[2] See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1113 (11th Cir. 2005) (observing that a *Daubert* hearing, although not required, may be helpful in complicated cases). There can be no question that this case presents complex factual and legal issues.

2) Defendant's Motion to Exclude Testimony of Plaintiffs' Expert (Dkt. 121) is denied without prejudice.

3) Defendant's Motion to Strike Declarations of Dr. Parker M. Normann (Dkt. 128) is denied without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on July 13, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record