**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| TYNTEC INC., a Delaware Corporation and TYNTEC GROUP LTD. f/k/a Phoenix Spring Ltd., a United Kingdom Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYNIVERSE TECHNOLOGIES, LLC, a Delaware Corporation<br><br>    Defendant. | Case No. 8:17-CV-00591-SDM-SPF |

**DEFENDANT SYNIVERSE TECHNOLOGIES, LLC'S MOTION IN LIMINE NUMBER 4: TO EXCLUDE EVIDENCE OF SYNIVERSE'S ACQUISITIONS**

Syniverse moves, pursuant to FRE 401-403, to preclude evidence of Syniverse's acquisitions of Verisign in 2010, MACH in 2012, and Aicent in 2014.

## INTRODUCTION

Syniverse believes that tyntec will seek to use evidence of Syniverse's past acquisitions of companies involved in messaging services in an attempt to argue that Syniverse bought its way into the ICV market just as tyntec did when it purchased the 2015 Iris Agreements. *See, e.g.*, Pls.' MSJ Opp'n at 4, Dkt. S130. But these acquisitions bear no resemblance to tyntec's purchase of the 2015 Iris Agreements. First, Syniverse's acquisitions were "true" acquisitions—Syniverse purchased fully functioning companies, including their equipment, employees, other assets, and their liabilities. In contrast, tyntec purchased only peering agreements from defunct Iris Wireless; tyntec acquired no other assets of Iris and sidestepped any obligation for Iris's numerous liabilities. Second, to the extent tyntec seeks to suggest that these acquisitions were improper and therefore are additional evidence of anticompetitive conduct, Syniverse sought—and obtained—the necessary regulatory approvals for these acquisitions. Third, the parties did not conduct discovery related to any of these acquisitions, because the Court rejected tyntec's attempts to obtain discovery from before April 1, 2013, *see* Dkt. 96, and the parties jointly agreed that Syniverse would limit its production of documents to those that pertain to the North American ICV market. Accordingly, the parties did not engage in full discovery of any of these acquisitions, given that the 2010 Verisign acquisition and 2012 MACH acquisitions were outside of the relevant time period, and the acquisitions of MACH (a European company) and Aicent (an Asian company) were outside of the geographic scope of discovery. Therefore, not only is evidence of these acquisitions irrelevant, highly

prejudicial, and likely to confuse the jury, but, based on the Court's orders and the parties' agreements, the factual record related to these acquisitions is undeveloped.[1]

## ARGUMENT

**I.     Evidence of Syniverse's Acquisitions Is Irrelevant.**

To succeed on its refusal-to-deal claim, tyntec needs to show that Syniverse terminated a voluntary and presumably profitable course of dealing with tyntec. Syniverse's acquisitions of Verisign, MACH, and Aicent simply have no bearing on Syniverse's relationship with tyntec. Syniverse's corporate history does nothing to make it more or less likely that Syniverse terminated a prior profitable course of dealing with tyntec. Further, Syniverse's acquisitions of MACH and Aicent are irrelevant for another reason: neither MACH nor Aicent operate in the U.S. market for ICV services—the market definition asserted by tyntec.

**II.    Evidence of Syniverse's Acquisitions Would Be Prejudicial.**

Even if the Court were to find that evidence related to Syniverse's acquisition of Verisign, MACH, or Aicent carries some probative value, any "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403. First, any attempt by tyntec to create the impression that Syniverse's acquisition of Verisign, MACH, or Aicent mirrors its own acquisition of the 2015 Iris Agreements would be extremely misleading and confusing to the jury, as tyntec's purchase of the 2015 Iris Agreements is different both in degree and kind. Such an attempt to create an impression of equivalency would be nothing more than a ploy to

---

[1] While some evidence was produced during discovery concerning these acquisitions since Syniverse did not withhold or redact information related to these acquisitions if it was contained in documents that were otherwise within the relevant time period and geographic market, discovery on these acquisitions was very limited.

mislead the jury. Additionally, any suggestion that these acquisitions are themselves evidence of anticompetitive behavior, despite the fact that they were approved by the appropriate regulatory competition authorities, would be highly prejudicial and likely to mislead the jury. If tyntec were to introduce evidence of these acquisitions, Syniverse would have no choice but to present evidence to show the fundamental differences between Syniverse's acquisitions of these companies and tyntec's acquisition of the Iris Agreements, and the propriety of Syniverse's acquisitions. This showing would cause undue delay and risk confusing the issues. Any discussion of the acquisitions lies so far afield from the core issues, that wasted trial time and the risk of confused issues substantially outweigh any probative value.

### III. tyntec Cannot Introduce Evidence Outside the Scope of Discovery.

The parties did not conduct discovery on these acquisitions. tyntec moved to compel pre-2013 discovery, arguing that the time period relevant to discovery in this case should reach back to at least 2011 because that timeframe was "necessary to show whether Syniverse obtained monopoly power through its acquisitions of competitors between 2004 and 2014." Dkt. 91 at 13. But the Court rejected tyntec's argument, finding that the proper temporal scope of discovery should date back to April 2013. *See* Dkt. 96. And the parties agreed to limit document discovery to the North American market. Evidence as to these acquisitions was excluded from discovery by the Court and the parties' negotiations. By extension, arguments pertaining to these acquisitions have no place at trial.

### CONCLUSION

The Court should exclude evidence of Syniverse's acquisitions of Verisign in 2010, MACH in 2012, and Aicent in 2014.

November 12, 2018                                   Respectfully submitted,

/s/ James B. Cash
John E. Stephenson, Jr. (admitted *pro hac vice*)
Mark A. McCarty (admitted *pro hac vice*)
Valarie C. Williams (admitted *pro hac vice*)
Kara F. Kennedy (admitted *pro hac vice*)
James B. Cash (admitted *pro hac vice*)
Anthony Greene (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: 404-881-7000
Fax: 404-881-7777

Benjamin H. Hill, III, Esquire
Florida Bar No. 94585
Matthew F. Hall, Esquire
Florida Bar No. 92430
HILL, WARD, HENDERSON, P.A.
101 East Kennedy Blvd. Suite 3700
Tampa, Florida 33602
Tel.: 813-227-8452

**CERTIFICATE OF CONFERENCE**

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned counsel hereby certifies that moving counsel has conferred with opposing counsel. Counsel were unable to agree on the resolution of the motion.

DATED this 12th day of November, 2018.

      /s/ James B. Cash
      *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that in accordance with the Middle District of Florida's electronic filing procedures, this document has been electronically filed. A Notice of Electronic filing will be sent by the Court to all counsel of record who have consented to e-mail notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

DATED this 12th day of November, 2018.

      /s/ James B. Cash
      *Attorney for Defendant*