**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| TYNTEC INC., a Delaware Corporation and TYNTEC GROUP LTD. f/k/a Phoenix Spring Ltd., a United Kingdom Corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>SYNIVERSE TECHNOLOGIES, LLC, a Delaware Corporation<br><br>  Defendant. | Case No. 8:17-CV-00591-SDM-SPF |

**DEFENDANT SYNIVERSE TECHNOLOGIES, LLC'S MOTION IN LIMINE
NUMBER 5: TO EXCLUDE EVIDENCE RELATING TO PRIOR IRIS LITIGATION**

Syniverse moves, pursuant to FRE 401-404, to preclude evidence related to the allegations raised in *Iris Wireless, LLC v. Syniverse Techs.*, No. 14-cv-1741 (M.D. Fla.) and to preclude any reference to the perceived merits of that dispute.

**INTRODUCTION**

Syniverse anticipates that tyntec will attempt to introduce evidence concerning prior antitrust litigation between Syniverse and Iris Wireless in order to: (1) disparage Syniverse's character; (2) falsely contend that Syniverse has a history of acting anti-competitively; and (3) suggest that Syniverse's settlement of prior antitrust claims indicates that there is merit to the claims at issue here. *See, e.g.*, Pls.' MSJ at 17-18, Dkt S116. Introduction of evidence of prior litigation for any of those purposes is entirely improper.[1]

This case presents a unique situation regarding the assignment of certain contracts. Specifically, to settle litigation with Iris and obtain payment of debts owed by Iris, Syniverse entered into two-year, terminable peering agreements to exchange text messaging traffic with Iris in 2015. Iris then assigned the peering agreements to tyntec. Although the unusual sequence of events leading to the assignment of the peering agreements to tyntec is relevant, the substance of the prior litigation preceding the 2015 agreements and any of the prior rulings are not. That litigation involved an entirely different party, a different factual scenario, and different considerations that led to the parties' settlement. Moreover, the parties' settlement in

---

[1] Syniverse acknowledges that "[e]vidence which is essentially background . . . is universally offered and admitted as an aid to understanding," *see* Advisory Committee Notes to Fed. R. Evid. 401, and does not contend the Court should prevent the jury from hearing that the 2015 Iris Agreements were negotiated against the backdrop of a settlement between Syniverse and Iris. However, as explained herein, it would be grossly prejudicial to allow tyntec to discuss the substance of the prior litigation between Syniverse and Iris or permit tyntec to suggest that Syniverse elected to settle for any reason other than to avoid the expense of litigation. The fact of the settlement is admissible; the circumstances and nature (i.e., antitrust) of the lawsuit underlying the settlement are not.

late 2014 in no way indicates that Iris had meritorious claims, and it especially has no bearing on the merits of tyntec's claims here. Indeed, the only money that changed hands as a result of that settlement went from Iris to Syniverse. The Court should exclude evidence of the prior litigation and events leading to settlement: (1) under FRE 401-403 as irrelevant to the claims in this case and highly prejudicial; and (2) under FRE 404 as impermissible character evidence.

## ARGUMENT

### I.  Evidence of Prior Litigation Is Irrelevant and Highly Prejudicial.

It is generally accepted that a court should exclude evidence about and references to collateral litigation.[2]  *Williams v. Consol. City of Jacksonville*, No. 3:00-CV-469-J-32, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006) ("Argument of counsel, who cannot agree on the facts of the prior litigation, let alone its relevance to the issues in this case, underscore the danger of permitting the evidence of [collateral] litigation into this case."). This case is no different. The Iris-Syniverse litigation and settlement has little probative value in this case. But because the Iris-Syniverse litigation also involved Syniverse's non-renewal of a messaging peering agreement, and a resulting lawsuit for refusal to deal, it is highly prejudicial and could easily confuse or mislead the jury. *See Wilson v. Maricopa Cnty.*, No. 04-cv-2873, 2007 WL 686726, at *13 (D. Ariz. Mar. 2, 2007) (relevancy of prior litigation is "marginal at best" and is outweighed by likelihood of unfair prejudice and confusion); *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16, 2011 WL 470561, at *5 (M.D. Fla. Feb. 2, 2011)

---

[2] Evidence of the prior litigation would quite literally require the parties to try two cases—the present litigation and the prior litigation. For instance, prior to settlement, the court denied a temporary restraining order sought by Iris and permitted Syniverse to terminate its original agreement with Iris. Evidence on the TRO order from the Iris litigation would be necessary to show that even though Syniverse eventually settled, Syniverse felt that the prior litigation was without merit and that it would have succeeded. This sort of narrative regarding the merits of the earlier litigation will be prejudicial, confusing and time-consuming and should be excluded under FRE 403.

(evidence of settlement of other litigation "is prejudicial and would require re-litigating those other claims"). Indeed, to allow this evidence in "would permit plaintiffs to create an 'aura of guilt' or to 'imply new wrongdoing from past wrongdoing.'" *U.S. Football League v. Nat'l Football League*, 634 F. Supp. 1155, 1173 (S.D.N.Y. 1986) (citation omitted).

II.     **Rule 404(b) Precludes Introducing the Prior Lawsuit to Demonstrate Syniverse's "Anticompetitive Character."**

Rule 404(b) prohibits the use of evidence of a prior act to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," including the use of evidence of past litigation to establish corporate character. *See* Fed. R. Evid. 404(b)(1); *Kidder, Peabody & Co., Inc. v. IAG Int'l Acceptance Group N.V.*, No. 94-cv-4725, 1999 WL 11553, at *2 (S.D.N.Y. Jan. 13, 1999). Nevertheless, tyntec appears ready to argue that because Syniverse allegedly engaged in anticompetitive actions directed towards Iris, it must also have done so against tyntec. *See* Pls.' MSJ at 17, Dkt. S116 (citing Pls.' Statement of Uncontested Facts ¶ 47 (citing Decl. of P. Rinfret)). This is the precise evidence Rule 404(b) was designed to keep out. Indeed, courts have expressly excluded this sort of corporate "recidivist" argument that tyntec intends to pursue. *See, e.g.*, *Union Carbide Corp. v. Montell*, 28 F. Supp. 2d 833, 838-39 (S.D.N.Y. 1998) (precluding evidence of prior lawsuit, noting that "[t]he real purpose of offering this evidence, it appears, it so accuse [the moving party] of shady business practices and bad motives . . . [which] is not permissible"). tyntec cannot use the past litigation as bad act evidence.

## CONCLUSION

For these reasons, Syniverse respectfully requests that the Court exclude evidence of the allegations raised in the Iris-Syniverse suit and bar reference to the merits of that dispute.

November 12, 2018   Respectfully submitted,

/s/ James B. Cash
John E. Stephenson, Jr. (admitted *pro hac vice*)
Mark A. McCarty (admitted *pro hac vice*)
Valarie C. Williams (admitted *pro hac vice*)
Kara F. Kennedy (admitted *pro hac vice*)
James B. Cash (admitted *pro hac vice*)
Anthony Greene (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: 404-881-7000
Fax: 404-881-7777

Benjamin H. Hill, III, Esquire
Florida Bar No. 94585
Matthew F. Hall, Esquire
Florida Bar No. 92430
HILL, WARD, HENDERSON, P.A.
101 East Kennedy Blvd. Suite 3700
Tampa, Florida 33602
Tel.: 813-227-8452

**CERTIFICATE OF CONFERENCE**

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned counsel hereby certifies that moving counsel has conferred with opposing counsel. Counsel were unable to agree on the resolution of the motion.

DATED this 12th day of November, 2018.

    /s/ James B. Cash
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that in accordance with the Middle District of Florida's electronic filing procedures, this document has been electronically filed. A Notice of Electronic filing will be sent by the Court to all counsel of record who have consented to e-mail notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

DATED this 12th day of November, 2018.

    /s/ James B. Cash
*Attorney for Defendant*